IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MONTGOMERY CARL AKERS, 02866-081,**

    **Petitioner,**

    vs.                                    **CIVIL NO. 12-cv-1037-DRH**

**WENDY J. ROAL-WERNER,**

    **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

      This case is before the Court on petitioner's writ of habeas corpus, filed on September 27, 2012. Petitioner, an inmate in the Federal Correctional Institution in Marion, brings this habeas corpus action pursuant to 28 U.S.C. §2241 to challenge his November 2006 conviction and sentence in the United States District Court of Kansas. (*United States v. Akers*, Case No. 04-cr-20089 (D. Kan.)) After he pled guilty to wire fraud, petitioner was convicted and sentenced to 327 months imprisonment. He then raised numerous challenges to his plea and conviction via post-trial motions in the sentencing court, all of which were rejected on the merits. (*See* Docs. 201, 321 in criminal case). Petitioner's conviction was affirmed on appeal. *United States v. Akers*, 261 F. App'x 110 (10th Cir. 2008).

      On April 29, 2009, petitioner filed a motion under 28 U.S.C. § 2255 to

vacate, set aside, or correct sentence (Doc. 308 in criminal case), claiming ineffective assistance of counsel based on the attorney's conflict of interest and failure to object to subject matter jurisdiction, and fraud on the court. The trial court denied the § 2255 motion on September 1, 2009 (Doc. 321 in criminal case).

Prior to filing his notice of appeal from the § 2255 denial, petitioner filed a "notice of intent to file motion to reconsider" pursuant to Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure (Doc. 323 in criminal case, filed Sept. 16, 2009). He also filed requests to extend the deadline for filing a motion to reconsider, which the court overruled on October 30, 2009 (Doc. 328 in criminal case). However, he never filed a Rule 59(e) or other motion seeking reconsideration. Petitioner filed his notice of appeal on November 25, 2009, well past the 60-day deadline for challenging the denial of his § 2255 motion (Doc. 331 in criminal case). On June 28, 2010, the Tenth Circuit denied petitioner's implied request for a certificate of appealability, concluding that it lacked jurisdiction to review the denial of his § 2255 motion because of the tardiness of the notice of appeal (Doc. 371 in criminal case).

In the instant §2241 habeas action, petitioner now claims that "structural defects" in the § 2255 procedure prevented him from obtaining a full and fair review of his claims of actual innocence of wire fraud (Doc. 1, p. 8). He asserts that he was never properly indicted of the criminal charges. He further claims that following his conviction, he submitted "newly discovered" evidence showing it

was factually impossible for him to have committed the offense, because he was not incarcerated at USP-Leavenworth at the time the communications were made from that institution to perpetrate the wire fraud (Doc. 1, p. 7). In addition, petitioner complains that he is being denied privileged communication with counsel and denied access to his finances by Marion officials.

Rule 4 of the Rules Governing §2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal

conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Petitioner contends that he is one of those for whom the § 2255 motion is inadequate or ineffective to test the legality of his detention. The fact that Pptitioner may be barred from bringing a second § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as **having been imprisoned for a nonexistent offense**." *Davenport,* 147 F.3d at 611 (emphasis added). The Circuit recently clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime. To the contrary, petitioner asserts the same claims

that he raised in his § 2255 motion (as well as in numerous other filings) – that he was coerced into pleading guilty, he did not commit wire fraud, his plea agreement was forged and altered, and his defense attorney colluded with the prosecutor and trial judge.  He argues that the proceedings on the § 2255 motion were defective because, first, the case was assigned to a "biased and prejudiced trial judge" – the same judge who presided over petitioner's criminal case (Doc. 1, p. 8).  Secondly, the appellate court did not give him an "impartial full round of appeals," because, after one panel of judges granted his certificate of appealability,[1] a second "shadow panel" then denied him a certificate of appealability and dismissed the appeal as time barred (Doc. 1, p. 7).

Petitioner's claims evince a disagreement with the outcome of his § 2255 challenge, which was fully adjudicated on the merits by the trial court.  An examination of the court records shows that the appeal was properly dismissed – plaintiff failed to file a timely Rule 59(e) motion,[2] which would have tolled his deadline to file the notice of appeal.  Even if his assertions of bias, conspiracy, and shadowy procedures had merit, they do not amount to any structural deficiency in the statutory § 2255 procedure that would permit petitioner to bring a challenge under the auspices of § 2241.

---

[1] The April 13, 2010, order which petitioner claims granted him a certificate of appealability was in fact an order denying the government's motion to enforce petitioner's waiver of his  right to collaterally attack or appeal his sentence.  Briefing was ordered, but this order never mentions the matter of a certificate of appealability (Doc. 01018401150 in Appeal No. 09-3341, 10th Circuit).

[2] At the time the district court denied § 2255 relief, the time limit for filing a Rule 59(e) motion was ten days.  Rule 59(e) was amended effective December 1, 2009, so that the 10-day deadline became a 28-day deadline.

Furthermore, petitioner's assertions that prison staff are interfering with his communications with counsel and denying him access to his finances cannot be properly raised in a § 2241 petition. As petitioner was informed in a previous case in this Court (Case No. 11-cv-103-DRH), such a challenge to the conditions of his confinement must be brought in a civil rights action (*see Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)), not in a habeas case. Indeed, these very assertions were found to be without merit in *Akers v. Roal*, Case No. 11-cv-622-MJR (S.D. Ill.) (Doc. 38, Aug. 13, 2012).

To summarize, § 2255 does not prove to be an inadequate remedy for petitioner's current claim, and consistent with *In re Davenport*, Petitioner cannot raise these claims through a § 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Therefore, § 2241 cannot provide petitioner with the desired relief, and the petition shall be dismissed.

**Pending Motions**

Petitioner has moved for leave to proceed *in forma pauperis* ("IFP") in this matter, asserting that he is unable to pay the $5.00 habeas filing fee (Doc. 2). He has also submitted his prison trust fund statement showing he has less than $5.00 on deposit there (Doc. 7). However, petitioner asserts in his exhibits that he possesses financial resources adequate to retain legal counsel and manage his property interests (*e.g.*, Doc. 1-3, pp. 12-13), and indicates in his IFP motion that he has bank funds and other property in an undetermined amount (Doc. 2, p. 2). Further, petitioner is now subject to an order by the Seventh Circuit that any

documents he submits for filing in a civil case shall be returned to him unfiled until he pays all outstanding fees (Doc. 38 in S.D. Ill. Case No. 11-cv-622-MJR, Aug. 13, 2012; Doc. 14 in Appeal No. 11-3268, April 24, 2012). The total of the fees owed on these two cases is $805.00, and petitioner has yet to pay anything toward this amount.

While the filing ban does not extend to habeas actions such as the instant case, petitioner's exhibits as well as the record in Case No. 11-cv-622 indicate that granting him leave to proceed IFP in this matter is not appropriate. Therefore, petitioner's motion for leave to proceed IFP (Doc. 2) is **DENIED.**

The pending motions for preliminary injunction (Doc. 3) and to provide petitioner with legal contact information (Doc. 8) are **DENIED AS MOOT.**

**Disposition**

**IT IS HEREBY ORDERED** that this action is summarily **DISMISSED** on the merits with prejudice.

**IT IS FURTHER ORDERED** that, consistent with the order of the Court of Appeals for the Seventh Circuit, until petitioner has paid in full all outstanding fees in the district court and in the appellate court (which now includes the fee for this action and totals $810.00), the clerks of all federal courts in the circuit will return unfiled any papers submitted either directly or indirectly by or on behalf of Petitioner.  The ban on filing does not apply to criminal cases or petitions challenging the terms of his confinement.

**IT IS SO ORDERED.**

DATED:   October 18, 2012

Digitally signed by David R. Herndon
Date: 2012.10.18 16:22:47 -05'00'

**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**